UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

**DECISION AND ORDER**
12-CR-83S

v.

DANIEL RODRIGUEZ,

                Defendant.

I.     **INTRODUCTION**

      Pending before the Court is a motion (Dkt. No. 50) by defendant Daniel Rodriguez for pretrial release on reasonable conditions. Defendant waived his right to an immediate detention hearing when he appeared before the Court on March 22, 2012, but reserved his right to revisit the issue of bail. Defendant now invokes that right and argues that his lack of a passport and his extensive local family ties mean that he is not a risk of flight. As for the Court's previously unopposed finding of danger to the community, defendant urges the Court to reconsider given that he "is not charged with the murder of Jabril Harper." (Dkt. No. 50 at 4.) The Government opposes release because the charges against defendant cover everything else that happened to Jabril Harper ("Harper") on December 16, 2009, when Harper was found dead just hours after an alleged kidnapping and armed robbery. The Government notes further that defendant has a prior criminal history that includes prior probation and parole violations.

The United States Probation Office ("USPO") recommends continued detention, citing, *inter alia*, concerns that defendant should not live with his wife Natasha (*nee* Jemison) because she is under federal supervision in this District following a bank fraud conviction (Case No. 11-CR-337S).

The Court held a bail review hearing on March 11, 2013. For the reasons below, the Court denies defendant's motion.

## II. BACKGROUND

This case concerns allegations that defendant and co-defendants Ernest Green ("Green") and Rodshaun Black ("Black") conspired to commit Hobbs Act extortion against Harper. In the one-count Indictment, filed March 6, 2012, the Government alleges that defendant "did knowingly, willfully and unlawfully combine, conspire and agree together and with others, known and unknown to the Grand Jury, to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), and extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), in particular, the robbery and extortion of assets, including jewelry, mobile telephones, cocaine base, and money, from Jabril Harper a/k/a Bril, an individual engaged in the unlawful possession and distribution of controlled substances, including cocaine base. All in violation of Title 18, United States Code, Section 1951(a)." (Dkt. No. 1.) In a

pre-indictment complaint filed against Green (Case No. 12-MJ-2037, Dkt. No. 1), the Government provided details from its investigation and from confidential informants that the conspiracy in question culminated in the kidnapping, armed robbery, and murder of Harper on December 16, 2009. The Government has disclosed that defendant was accomplice "A-2" in the pre-indictment complaint against Green.

Defendant did not seek an immediate detention hearing when this case began. Defendant was arraigned March 7, 2012. The Court scheduled a detention hearing for March 22, 2012, but at that proceeding, defendant made a knowing and voluntary waiver of his right to an immediate detention hearing. After considering the statutory presumption in favor of detention along with the pretrial services report showing a significant criminal history and a history of evading supervision, the Court ordered defendant detained as both a flight risk and a danger to the community.

On February 20, 2013, defendant filed the pending motion for release. In support of his motion, defendant emphasizes his local ties. Defendant has lived continuously in the Buffalo area since age 9. Defendant's wife and child from his wife, along with two children from a prior relationship, all lived together prior to his arrest. Defendant lacks a passport and never has traveled outside the United States. Defendant concedes that he personally lacks resources to post bail but believes that his family could help. As for his criminal history, defendant

emphasizes that the current Indictment[1] does not charge him with Harper's murder. Under these circumstances, defendant concludes, the Court should be able to craft some set of release conditions—he is vague as to specifics but does agree to include house arrest or home confinement in the conditions—that would ensure his continued appearance and that would protect the safety of the community.

The Government cites defendant's charges and criminal history in opposing the pending motion. The current Indictment in this case officially does not charge anyone with murder, but the pre-indictment complaint against Green specifies that the Hobbs Act conspiracy that has been charged concluded with the murder of Harper after a kidnapping and armed robbery. The Government additionally highlights that defendant has three convictions in his criminal history, all three of which entailed probation or parole violations and the latter two of which involved allegations of forcible theft with a deadly weapon. Because of this criminal history, according to the Government, defendant upon conviction here would be sentenced as a Career Offender and would face an advisory sentencing range of 210–240 months.

---

[1] The Government has commented in court since this case began that defendant is eligible for death-penalty prosecution, subject to approval from the Department of Justice. For purposes of the pending bail motion, the Court will ignore the Government's comments and admonishes the Government to resolve that issue, one way or the other, as quickly as possible.

## III. DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's

5

dangerousness by clear and convincing evidence.  The rules of evidence do not apply in a detention hearing.  Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Here, several factors weigh in favor of continued detention.  Defendant faces serious conspiracy charges with evidence from informants and other sources that the conspiracy successfully ran its course and led to a premeditated kidnapping, robbery, and murder.  The charges are serious in themselves but also trigger the rebuttable presumption in favor of detention set forth in 18 U.S.C. § 3142(e).  The weight of the evidence against defendant, while not affecting the presumption of innocence, causes the Court some concern.  Defendant focuses on the formal charges in his bail motion but makes no effort to raise doubts about the evidence supporting those charges.  *Cf. U.S. v. Jackson*, 823 F.2d 4, 7 (2d Cir. 1987) ("As to the weight of the evidence, the government apparently has numerous informants as well as physical evidence to support its charges.  Indeed, [defendant] has made no significant attack on the government's proffered evidence.").  Defendant also has a violent criminal history and has violated probation or parole every previous time he faced prosecution.  *Cf. U.S. v. Barnett*, No. 5:03-CR-243, 2003 WL 22143710, at *12 (N.D.N.Y. Sept. 17, 2003) ("Every sentence of probation or parole requires a defendant to meet judicially imposed conditions, and violations of either are further evidence of a defendant's inability to comply with judicial mandates and supervision.  Evidence of new criminal

6

behavior while other charges are pending inevitably leads to the conclusion that a defendant places his own self-interests above that of the community. In turn, the community has a right to expect courts to protect it."). This record suggests that conditions of release may not stop defendant from returning to criminal activity. *Cf. U.S. v. English*, 629 F.3d 311, 322 (2d Cir. 2011) (affirming a detention order where "the proposal for electronic monitoring did not eliminate the danger that [defendant] would 'engage in further sale of narcotics' by telephone with a willing collaborator"). Finally, defendant has not proposed a suitable residence. *Cf. U.S. v. Mansuryan*, No. 10-10060-03-EFM, 2010 WL 2545989, at *2–3 (D. Kan. June 22, 2010) ("Further militating against release is the fact that Defendant has failed to identify a suitable place for him to reside while out on release."). To the extent that he is contemplating returning to his wife, defendant has failed to address the protection order that his wife obtained against him between February 5, 2011 and April 13, 2012. *Cf. U.S. v. Wero*, No. CR 09–8056–PCT–DGC, 2009 WL 1797853, at *2 (D. Ariz. June 24, 2009) (denying bail in part because "[d]ocuments provided by the government show that Defendant's wife has obtained an order of protection against him and that he has assaulted her in the past").

    Under these circumstances, the Court finds by a preponderance of the evidence that defendant would pose a risk of non-appearance if released. Additionally, the Court finds by clear and convincing evidence that defendant

would pose a danger to the community if released under any conditions. Defendant thus will remain in custody.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion for bail (Dkt. No. 50). Defendant shall remain in custody pending trial.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, defendant shall be afforded reasonable opportunity for private consultation with counsel. Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order shall be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

/s Hugh B. Scott
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: April 2, 2013